UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ELCO SECURITIES, LTD,

                      Plaintiff,

-against-

DEAR CASHMERE HOLDINGS, INC.,

                      Defendant.

23-CV-5008 (JGLC)

**OPINION AND ORDER**

JESSICA G. L. CLARKE, United States District Judge:

      Before the Court is Plaintiff's motion for default judgment. ECF No. 22. For the reasons set forth herein, Plaintiff's motion is DENIED.

## BACKGROUND

      Plaintiff Elco Securities, Ltd., ("Plaintiff" or "Elco") brought this action against Defendant Dear Cashmere Holdings, Inc. a/k/a Swifty Global ("Defendant" or "Cashmere") alleging (1) breach of contract, (2) breach of fiduciary duty, (3) negligence, (4) conversion, (5) unjust enrichment, (6) breach of implied covenant of good faith and fair dealing, and (7) fraud. ECF No. 3 ("Compl.") ¶¶ 19–49. Elco further seeks a declaratory judgment that Elco "remains the beneficial and legal owner of its original investment with Cashmere and the attendant interest and conversion rights associated therewith." *Id*. ¶ 49. Elco is a brokerage firm incorporated in, and with its principal place of business in, the Commonwealth of the Bahamas. *Id*. ¶¶ 2, 6. Cashmere is a company incorporated in Nevada with its principal place of business in New York. *Id*. ¶ 3.

      Elco alleges that on September 4, 2017, it invested $68,000 in a promissory note (the "Note") issued by Cashmere. *Id*. ¶¶ 1, 6. As a result of a hurricane, the Note that was in Elco's possession was destroyed. *Id*. Elco further alleges that Cashmere failed to repay the Note on the

maturity date, September 20, 2019. *Id*. ¶¶ 1, 7. As a result, Cashmere agreed to accrue the principal sum of $68,000 and interest of $17,299. *Id*. ¶ 7. Elco was also given the right to convert the debt obligation under the Note to shares of Cashmere. *Id*.

In 2020 or 2021, the controlling ownership interest of Cashmere was acquired by Nicolas Link and James Gibbons. *Id*. ¶ 9. Throughout the first half of 2021, Elco made numerous requests to Cashmere that it make payment on its Note. *Id*. ¶ 10. Cashmere's June 30, 2021 Disclosure Statement reflects a reduction in the principal owed to Elco from $68,000 to $40,000. *Id*. ¶ 12. Elco avers that it has not received any remuneration that would have justified a reduction of Cashmere's debt obligation to Elco. *Id*. ¶ 13. A subsequent Disclosure Statement by Cashmere further reduced Elco's investment interest in Cashmere from $40,000 to zero. *Id*. ¶ 18.

In or around October 2021, Cashmere's then-attorney stated that Cashmere believed Elco had partially sold its Note to an entity named Platinum Properties. *Id*. ¶ 14. In or about March 2022, Elco received documents that purported to memorialize a transaction between Elco and Platinum Properties. *Id*. ¶ 17. Elco avers that these documents do not reflect such an alleged transaction with Elco. *Id*. Additionally, on or about October 18, 2021, Elco instructed Cashmere to convert $20,000 of the amount owed to shares of Cashmere, but it did not receive a response. *Id*. ¶ 15.

Elco filed this Complaint on July 20, 2023. ECF No. 3. Elco requested a summons on July 26, 2023, and it was issued on July 27, 2023. ECF Nos. 8–9. On October 26, 2023, the Court issued an order noting that the docket did not reflect that the summons and Complaint were ever served on Cashmere. ECF No. 10. The Court ordered Elco to show cause, by November 2, 2023, as to why Elco failed to serve the summons and Complaint, or, if Elco believed that Defendant had been served, to state when and in what manner such service was

made. *Id*. On October 30, 2023, Elco filed two documents: (1) a motion to reopen the case and (2) a motion for an alternative method of service. ECF Nos. 11, 12. The Court denied Elco's motion to reopen the case as moot, because the Court had not dismissed the case. ECF No. 13 at 1. The Court denied Elco's motion for alternative service, with leave to renew upon a showing that Elco exercised reasonable diligence to effectuate service beyond its attempt to deliver the summons and Complaint to Cashmere's headquarters. *Id*. at 2.

On December 4, 2023, Elco filed an affidavit of service stating that Cashmere was served with the summons and Complaint on November 30, 2023, making Cashmere's answer due December 21, 2023. ECF No. 14. On January 2, 2024, the Court ordered that Elco file a motion for default judgment, in light of the fact that Cashmere had not answered the Complaint or otherwise made an appearance in the action. ECF No. 15. Elco filed a motion for default judgment on January 19, 2024, ECF No. 16, which the Court denied without prejudice for failure to comply with the Court's Individual Rules and Practices in Civil Cases, ECF No. 17.

Elco filed its renewed motion for default judgment on February 9, 2024. ECF No. 22. The Court ordered Cashmere to show cause, by March 5, 2024, as to why an order should not be issued granting a default judgment against it. ECF No. 34. The Court also ordered Elco to serve Cashmere via overnight courier and email with a copy of the motion for default judgment and all supporting papers as well as a copy of the order to show cause. *Id*. Elco filed affidavits stating that the aforementioned documents were served via overnight courier, email, and personal delivery at Cashmere's New York address. ECF Nos. 35–36.

Counsel for Cashmere appeared before the Court on March 7, 2024 and requested an extension to oppose Elco's motion, which the Court granted. ECF Nos. 37–39. Cashmere filed its opposition on March 21, 2024. ECF No. 41. As part of Cashmere's declaration, Nicholas Link,

3

Chairman of Cashmere, filed a declaration stating, *inter alia*, that: (1) Cashmere's registered agent has no record of the summons and Complaint being served; (2) Cashmere had "no idea any of this was taking place"; (3) the only document Cashmere received is the Court's order to show cause at ECF No. 34; and (4) Cashmere's non-response was due to a lack of awareness of the Complaint, and "not an intentional or strategic act." ECF No. 42 ("Link Decl.") ¶¶ 3, 25–26, 28, 31. Cashmere thus requests that the Court deny the motion for default judgment and permit the parties to litigate the matter on its merits. *Id*. ¶ 32.

The Court construes Cashmere's memorandum of law in opposition to Elco's motion for default judgment as a motion to set aside the entry of default under Federal Rule of Civil Procedure 55(c). *See Meehan v. Snow*, 652 F.2d 274, 276 (2d Cir. 1981) ("[An] opposition to a motion for a default judgment can be treated as a motion to set aside the entry of a default despite the absence of a formal Rule 55(c) motion."). Cashmere filed its answer on March 29, 2024. ECF No. 45.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 55(c), the Court "may set aside an entry of default for good cause." Fed. R. Civ. P. 55(c). In determining whether a defendant has demonstrated "good cause" to vacate an entry of default under Rule 55(c), "a district court must consider three factors: (1) the willfulness of the default; (2) the existence of a meritorious defense to the defaulted claims; and (3) the level of prejudice that the non-defaulting party might suffer should relief be granted." *Gadre v. Hexanika, Inc.*, No. 21-CV-11221 (JPO), 2023 WL 2569882, at *2 (S.D.N.Y. Mar. 20, 2023) (citing *W.B. David & Co. v. De Beers Centenary AG*, 507 F. App'x 67, 69 (2d Cir. 2013)). "It is well established that default judgments are disfavored" and that the Second Circuit has expressed a "clear preference . . . for cases to be adjudicated on the merits."

*Pecarsky v. Galaxiworld.com Ltd.*, 249 F.3d 167, 174 (2d Cir. 2001). "Accordingly, in ruling on a motion to vacate a default judgment, all doubts must be resolved in favor of the party seeking relief from the judgment." *New York v. Green*, 420 F.3d 99, 104 (2d Cir. 2005).

## DISCUSSION

The Court first finds that Elco has not proffered sufficient evidence to demonstrate that Cashmere's default was willful. Second, the Court finds that Cashmere has presented a meritorious defense. Finally, the Court finds that Elco will not be prejudiced by setting aside the entry of default. Thus, the Court denies Elco's motion for default judgment, "guided by the Second Circuit's admonishment, stated time and time again, that the preferred approach is the resolution of disputes on their merits." *Gadre*, 2023 WL 2569882, at *4.

### I.   Elco Has Not Proven that Cashmere's Default Was Willful

The Second Circuit interprets willfulness, "in the context of a default, to refer to conduct that is more than merely negligent or careless." *S.E.C. v. McNulty*, 137 F.3d 732, 738 (2d Cir. 1998). "Default may be considered 'willful where the conduct of counsel or the litigant was egregious and was not satisfactorily explained.'" *Gadre*, 2023 WL 2569882, at *2 (quoting *McNulty*, 137 F.3d at 738). "Even gross negligence does not lead to a finding of willfulness." *Fischer v. Forrest*, No. 14-CV-1307 (PAE), 2014 WL 2717937, at *3 (S.D.N.Y. June 16, 2014).

Cashmere contends that it did not fail to appear as part of a deliberate litigation strategy or otherwise in bad faith, but simply because it did not receive the summons and Complaint. ECF No. 41 ("Def. Mem.") at 5. Upon learning of the case, Cashmere argues, it immediately hired counsel and filed its response to the order to show cause. *Id*. at 6. Conversely, Elco argues that Cashmere "affirmatively and consciously [took] steps to avoid service of process." ECF No. 43 ("Pl. Mem.") at 2. Elco states that three unsuccessful attempts were made to serve Cashmere at

its offices in New York, *id*. at 2, 4, because Cashmere "only received the mail it wanted," *id*. at 4. Thus, the parties do not dispute whether Cashmere received the summons and Complaint, but rather the reasons why Cashmere did not receive the summons and Complaint. There is insufficient evidence to prove that Cashmere willfully avoided service. *See Enron Oil Corp. v. Diakuhara,* 10 F.3d 90, 98 (2d Cir. 1993) (finding that doubts regarding willfulness should be resolved in the defendant's favor). The Court also credits Cashmere's argument that as soon as it learned of the case, counsel for Cashmere appeared and sought to defend the matter, as weighing in favor of vacating default.

## II.     Cashmere Has Presented A Meritorious Defense

A meritorious defense "is measured not by whether there is a likelihood that it will carry the day, but whether the evidence submitted, if proven at trial, would constitute a complete defense." *Id*. (internal citation omitted). Cashmere argues that the Note has been sold to two third parties, GPL and LUKI, and submits as evidence two transactions totaling $68,000. Def. Mem. at 7; Link Decl. Ex. A; Link Decl. Ex. B. As such, Cashmere claims that it "no longer owes anyone anything pursuant to that Note" and that "Cashmere has already fully complied with the terms, conditions, and requirements of the Note and is no longer bound by it." Def. Mem. at 7. Cashmere also claims that once GPL and LUKI fully converted the debt into shares, the Note was settled in its entirety. *Id*. Cashmere avers that a finding that GPL and LUKI purchased the Note or a finding that the Note has been fully converted into shares is a complete defense to Elco's claims. *Id*. at 7–8. Elco does not dispute that either of these findings would result in a complete defense; rather, Elco argues that Cashmere's assertion that the Note was sold and fully converted into shares will be refuted by other evidence. Pl. Mem. at 5. That is not an issue to be

decided on this motion. Instead, the Court finds that Cashmere has satisfactorily set forth a potentially meritorious defense.

### III.    Setting Aside the Entry of Default Will Not Prejudice Elco

"Because relief from a default entry essentially is a matter of fairness and judicial discretion, the single most persuasive reason for denying a Rule 55(c) motion is prejudice to the nondefaulting party caused by reopening the action." *Select Harvest USA LLC v. Indian Overseas Bank*, No. 22-CV-3931 (LJL), 2023 WL 2664079, at *12 (S.D.N.Y. Mar. 28, 2023) (quoting 10A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2699 (4th ed. 2023)). It is well established in the Second Circuit that "delay alone is not a sufficient basis for establishing prejudice." *Davis v. Musler*, 713 F.2d 907, 916 (2d Cir. 1983). Instead, there must be a showing that delay will "result in the loss of evidence, create increased difficulties of discovery, or provide greater opportunity for fraud and collusion." *Id.* (internal citation and quotation marks omitted).

Elco argues that it has been prejudiced by the time and expense of filing several motions, as well as numerous attempts to serve the summons and Complaint. Pl. Mem. at 5–6. Because Elco does not state any basis for finding prejudice other than litigation related time and costs, setting aside the entry of default will not prejudice Elco. *See Prestige Capital Corp. v. Fuber LLC*, No. 16-CV-9577, 2017 WL 2558803, at *4 (S.D.N.Y. June 5, 2017) (finding no significant prejudice to plaintiffs where they do not make an argument that setting aside default would "result in the loss of evidence, add difficulty to discovery, or provide opportunities for fraud or collusion"). Therefore, this factor weighs in favor of setting aside the default.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for default judgment is DENIED. The entry of default is set aside with respect to Defendant. It is hereby ORDERED that all parties appear for a conference with the Court on **June 20, 2024** at **11:00 a.m.**, in Courtroom 11B of the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, New York. The joint letter and proposed Civil Case Management Plan and Scheduling Order, as described in ECF No. 6, shall be filed by **June 13, 2024**. The Clerk of Court is directed to terminate ECF No. 22.

Dated: May 23, 2024
New York, New York

SO ORDERED.

*Jessica Clarke*

JESSICA G. L. CLARKE
United States District Judge