```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  7/11/25
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ELCO SECURITIES, LTD.,

        Plaintiff,

-against-

DEAR CASHMERE HOLDINGS, INC.,

        Defendant.

23-CV-5008 (BCM)

**ORDER**

**BARBARA MOSES, United States Magistrate Judge**.

    The Court has received and reviewed plaintiff's motion to enforce the parties' settlement agreement. (Dkt. 86.)

    The parties reached agreement as to the material terms of their settlement during a settlement conference before me on May 13, 2025. Thereafter, by Order dated May 30, 2025, I directed the parties to submit a *fully-executed* copy of their settlement agreement. *See* Dkt. 82 at 1-2. On June 6, 2025, the parties jointly moved for an order pursuant to § 3(a)(10) of the Securities Act of 1933, approving the issuance of Dear Cashmere Holdings, Inc. (DRCR) shares to plaintiff as exempt from registration under the Act in accordance with their settlement agreement. (Dkt. 83.) However, the attached settlement agreement was not signed by defendant. *See id.* at ECF pp. 10-11.

    On June 9, 2025, Nicholas Link, Chairman of defendant DRCR, submitted a Fairness Declaration in support of the parties' joint motion in which he affirmed, under penalty of perjury, that the attached (partially-signed) settlement agreement "resolves this ongoing litigation" and that its terms and conditions were "fair, reasonable, and in the best interests of DRCR, its shareholders, and Elco[.]" Dkt. 84 ¶¶ 5, 11; *see also id*. ¶ 7 (attesting that the attached document was a "true and correct copy of the fully-executed settlement agreement"). Once again, however, DRCR neglected to submit its own signature on the settlement agreement.

2

On June 16, 2025, as a courtesy, the Court's staff contacted defendant's counsel by phone regarding the missing signature. Counsel stated that the omission was not intentional and that he would obtain his client's signature. Since that time, however, the Court has received neither a *fully* executed settlement agreement nor any further communication from defendant's counsel.

It is hereby ORDERED that defendant must respond to plaintiff's motion to enforce the settlement agreement no later than **July 18, 2025.** It is further ORDERED that, in its response, defendant must explain why it has not executed the settlement agreement.

Dated: New York, New York
       July 11, 2025                                          **SO ORDERED.**

_____
**BARBARA MOSES**
**United States Magistrate Judge**

2