USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __8/5/25__

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ELCO SECURITIES, LTD.,

        Plaintiff,

-against-

DEAR CASHMERE HOLDINGS, INC.,

        Defendant.

23-CV-5008 (BCM)

**OPINION AND ORDER**

**BARBARA MOSES, United States Magistrate Judge**.

Pending before the Court is a joint motion (Dkt. 88) submitted by plaintiff Elco Securities, LTD (Elco) and defendant Dear Cashmere Holdings, Inc. (DRCR), seeking the entry of an order pursuant to § 3(a)(10) of the Securities Act of 1933 (1933 Act), 15 U.S.C. § 77c(a)(10), approving the issuance of "free trading" shares of DRCR common stock to Elco and/or its designees, exempt from registration under the 1933 Act, in accordance with the parties' settlement agreement in this action. For the reasons that follow, the motion will be granted.

## BACKGROUND

Elco is a brokerage firm incorporated in and with its principal place of business in the Commonwealth of the Bahamas. Compl. (Dkt. 3) ¶¶ 2, 6. DRCR is incorporated in Nevada, with its principal place of business in New York. Compl. ¶ 3.

Elco commenced this action with the filing of a complaint against DRCR on July 20, 2023, seeking declaratory judgment and damages for breach of contract, breach of fiduciary duty, negligence, conversion, unjust enrichment, breach of implied covenant of good faith and fair dealing, and fraud, all arising out of DRCR's alleged breach of a promissory note and its failure to repay, with interest, the underlying loan made to DRCR by Elco. Compl. ¶¶ 19-49. DRCR answered the complaint on March 29, 2024. (Dkt. 45.)

On May 13, 2025, the parties attended a settlement conference before the undersigned Magistrate Judge, during which they reached a settlement in principle. (*See* Dkt. 76.) On May 28, 2025, the parties consented to my jurisdiction pursuant to 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73. (*See* Dkts. 77, 79, 81.) On or about July 15, 2025, the parties executed a Settlement Agreement and General Release (Agreement), attached to their joint motion. (Dkt. 88 at ECF pp. 7-11.) Pursuant to the Agreement, DRCR will pay Elco $85,000 over the course of four consecutive months, with the first payment due twenty days from the date of this Order, and will issue to Elco 4,000,000 unrestricted, free-trading shares of DRCR common stock, "upon the execution of this Agreement and an Order from the Court that the settlement is approved pursuant to [§] 3(a)(10), following a '"Fairness Hearing' conducted by the Court," in exchange for the dismissal of this action with prejudice. Ag. at 2. Additionally, the Agreement contains mutual general releases. *Id*. The Agreement resolves all claims in this action, subject to the Court's approval of the § 3(a)(10) stock issuance. *Id*.

On July 18, 2025, the parties submitted their joint motion, together with a fully-executed copy of the Agreement, supported by a memorandum of law (Dkt. 88 at ECF pp. 3-7), the Fairness Affidavit of Todd A. Zuckerbrod, plaintiff's counsel, (Zuckerbrod Aff.) (Dkt. 85), and the Fairness Declaration of Nick Link, Chairman of DRCR (Link Decl.) (Dkt. 84).

## **LEGAL STANDARDS**

Generally, under the 1933 Act, public companies are not permitted to issue stock – and shareholders receiving shares of stock are not permitted to immediately resell them into public markets – unless the company has first filed a registration statement. *See* 15 U.S.C. §§ 77e(c), 77d(a)(1). However, § 3(a)(10) of the 1933 Act provides an exemption from registration for:

> . . . any security which is issued in exchange for one or more bona fide outstanding securities, claims or property interests, or partly in such exchange and partly for

>    cash, where the terms and conditions of such issuance and exchange are approved, after a hearing upon the fairness of such terms and conditions at which all persons to whom it is proposed to issue securities in such exchange shall have the right to appear, by any court[.]

15 U.S.C. § 77c(a)(10). "Thus, the statutory prerequisites for an issuer claiming a Section 3(a)(10) exemption are: (1) an exchange for outstanding securities, claims or property interests; (2) a hearing upon the fairness of such terms and conditions at which all persons to whom it is proposed to issue securities shall have the right to appear; and (3) a finding of fairness and approval by a court." *Sabby Volatility Warrant Master Fund Ltd. v. Kiromic Biopharma, Inc.*, 638 F. Supp. 3d 393, 396 (S.D.N.Y. 2022); *accord YA II PN, Ltd. v. Taronis Techs., Inc.*, 435 F. Supp. 3d 622, 625 (S.D.N.Y. 2020).

## **DISCUSSION**

The Court finds that all of the requirements of § 3(a)(10) have been met. First, the Agreement provides for the issuance of DRCR securities in exchange for the release of all of Elco's claims in this action. Second, a telephonic fairness hearing was held on August 5, 2025, during which both parties appeared,[1] had a full opportunity to be heard, and reaffirmed their view that the terms and conditions of such issuance and exchange are fair. Third, the Court finds that "the terms and conditions of the exchange [are] 'fair' to those to whom securities will be issued." *Sabby*, 638 F. Supp. 3d at 396 (quoting *In re Bd. of Directors of Multicanal S.A.*, 340 B.R. 154, 169 (Bankr. S.D.N.Y. 2006)); *see also* Zuckerbrod Aff. ¶¶ 6-7 (attesting that the settlement is fair, reasonable, and in the best interests of Elco); Link Decl. ¶¶ 11 (attesting that the Agreement is fair, reasonable, and in the best interest of "DRCR, its shareholders, and Elco").

---

[1] Elco's Managing Director Isaac (Ellison) Collie and DRCR's Chairman Link attended the hearing along with the parties' counsel.

## **CONCLUSION**

For the foregoing reasons, the parties' joint motion is GRANTED.

No later than **August 27, 2025**, the parties must submit a stipulation of dismissal with prejudice, in accordance with the Agreement, at which point the case will be closed. If by that date DRCR has not issued the 4,000,000 shares, and/or has not made the first of the four monthly installment payments, the parties must submit a joint letter to the Court explaining the delay.

Dated: New York, New York
August 5, 2025                                              **SO ORDERED.**

_____
**BARBARA MOSES**
**United States Magistrate Judge**