USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:   06/26/26

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ELCO SECURITIES, LTD.,

        Plaintiff,

-against-

DEAR CASHMERE HOLDINGS, INC.,

        Defendant.

23-CV-5008 (BCM)

**ORDER**

**BARBARA MOSES, United States Magistrate Judge**.

For the reasons that follow, this action will be dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b).

## Background

This diversity action arises out of a $68,000 promissory note given by defendant Dear Cashmere Holdings, Inc. (DRCR), a Nevada corporation with its principal place of business in New York, to plaintiff Elco Securities, Ltd. (Elco), a Bahamian corporation with its principal place of business in Abaco, Bahamas. *See* Compl. (Dkt. 3) ¶¶ 1-3.

Plaintiff commenced this action July 20, 2023, by which time the unpaid principal and interest owed on the promissory note was more than $85,000. Compl. ¶ 10. Plaintiff sought a declaratory judgment and damages for breach of contract, breach of fiduciary duty, negligence, conversion, unjust enrichment, breach of the implied covenant of good faith and fair dealing, and fraud. *Id.* ¶¶ 19-49. Defendant answered the complaint on March 29, 2024. (Dkt. 45.)

On May 13, 2025, the parties attended a settlement conference before me, during which they reached a settlement in principle. (*See* Dkt. 76.) On May 28, 2025, the parties consented to my jurisdiction pursuant to 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73. (*See* Dkts. 77, 79, 81.) On or about July 15, 2025, the parties executed a Settlement Agreement and General Release (Agreement) (Dkt. 88 at ECF pp. 7-11), under which defendant was required to pay plaintiff

$85,000 over the course of four consecutive months, and issue to plaintiff 4,000,000 unrestricted, free-trading shares of DRCR common stock, conditioned on an order from this Court approving the settlement and the issuance of common shares pursuant to § 3(a)(1) of the Securities Act of 1933. Ag. at 2. On July 18, 2025, the parties submitted their joint motion for approval under § 3(a)(1) (Dkt. 88), and on August 5, 2025, I granted that motion and directed the parties to submit a stipulation of dismissal no later than August 25, 2025. (Dkt. 92.)

The parties never submitted that stipulation. Instead, on September 22, 2025, plaintiff filed a letter-motion to compel defendant to comply with the parties' settlement agreement, asserting that defendant never issued the required DRCR stock. (Dkt. 93.) On October 9, 2025, I denied the motion to compel (for lack of a supporting declaration or any other evidence substantiating plaintiff's factual assertions) without prejudice to refiling. (Dkt. 95.)

Plaintiff never refiled its motion, and the parties have taken no additional action in this case. Consequently, on May 27, 2026, I issued an order to show cause (OSC) (Dkt. 96) directing plaintiff to show cause in writing, no later than June 17, 2026, why this case should not be dismissed, without prejudice, pursuant to Fed. R. Civ. P. 41(b). Plaintiff failed to respond to the OSC, and its time for doing so has now expired.

Both parties were represented by counsel throughout all phases of the litigation.

### **Analysis**

"If the plaintiff fails to prosecute or comply with . . . a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). "Courts have the power, under Rule 41 of the Federal Rules of Civil Procedure, to dismiss a case for failure to comply with court orders, treating such noncompliance as a failure to prosecute." *Ayala v. Fidelity Ins. Co.*, 2016 WL

11659978, at *1 (E.D.N.Y. Feb. 22, 2016) (citing *Simmons v. Abuzzo*, 49 F.3d 83, 87 (2d Cir. 1995)), *adopted*, 2016 WL 11659977 (E.D.N.Y. Mar. 23, 2016).

"Although the text of Fed. R. Civ. P. 41(b) expressly addresses only the case in which a defendant moves for dismissal of an action, it is unquestioned that Rule 41(b) also gives the district court authority to dismiss a plaintiff's case *sua sponte* for failure to prosecute." *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001) (emphasis in original); *see also Hall v. Oriska Corp Gen. Contracting*, 2022 WL 17420307, at *2 (2d Cir. Dec. 6, 2022) (summary order) ("[A] district court may – based on both its inherent authority and Rule 41(b) – dismiss an action *sua sponte* for failure to prosecute or failure to comply with a court order.").

Before dismissing a case under Rule 41(b), the district court must weigh the following factors:

> (1) the duration of plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal.

*Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014) (per curiam). No single factor is dispositive. *Id.* Further, "a district court is not required to discuss each factor in dismissing a case as long as explanation is given for the dismissal." *Miller v. Department of Corrections*, 2009 WL 564926, at *2 (S.D.N.Y. Mar. 5, 2009) (citing *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996)), *adopted*, 2009 WL 1010059 (S.D.N.Y. Apr. 14, 2009).

While dismissal is a "harsh remedy to be utilized only in extreme situations," *United States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004) (quoting *Minnette v. Time Warner*, 997 F.2d 1023, 1027 (2d Cir. 1993)), "the authority to invoke it for failure to prosecute is vital to the efficient administration of judicial affairs and provides meaningful access for other

prospective litigants to overcrowded courts." *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 42 (2d Cir. 1982). "When imposed, the sanction of dismissal 'operates as an adjudication upon the merits,' but may be without prejudice if so specified by the court imposing it." *Id.* at 43 (quoting Fed. R. Civ. P. 41(b)).

In the present action, plaintiff Elco has taken no action for eight months – since September 22, 2025, when it filed an unsupported motion to compel defendant to issue the bargained-for common shares. (Dkt. 93.) Although the Court gave plaintiff leave to refile that motion, with evidentiary support (Dkt. 95), it never did so. Nor did it take any other action in this case, either to enforce the settlement or to resume litigation and move towards trial. It then ignored this Court's May 27, 2026 OSC, which expressly warned that the Court "may dismiss an action if 'the plaintiff fails to prosecute.'" OSC at 1 (quoting Fed. R. Civ. P. 41(b)). In short, plaintiff has offered no explanation for its eight-month silence, despite being ordered by this Court to do so.

One possible explanation for plaintiff's inaction is that DRCR has by now issued the required shares (or the parties have made some alternative arrangement), but plaintiff has not seen fit to so advise this Court. Another possible explanation is that DRCR is still in violation of its obligation to issue shares, but Elco no longer wishes to expend legal fees to enforce its rights to the stock. No doubt there are other possibilities as well. On this record, however, the Court need not delay further in removing this action from its docket. "Delays of five months or less have resulted in dismissal by courts in the Second Circuit. "*Greene v. City of New York*, 2020 WL 2840521, at *3 (E.D.N.Y. Apr. 23, 2020) (collecting cases), *adopted*, 2020 WL 2836785 (E.D.N.Y. June 1, 2020). Here, plaintiff's eight-month delay in refiling its motion to enforce the settlement – coupled with its failure to respond to the OSC – strongly suggests that it has lost interest in obtaining a judicial resolution of its dispute with DRCR, and amply warrants dismissal.

Since the defendant, like the plaintiff, has taken no apparent interest in this case for many months, there is no reason to reward Elco by dismissing the complaint with prejudice. Moreover, the lesser sanction of a dismissal without prejudice equally "serve[s] the district court's need to clear its calendar." *Thrall v. Central New York Regional Trans. Authority*, 399 Fed. App'x. 663, 666 (2d Cir. 2010); *see also, e.g.*, *Terry v. Village of Ossining*, 2013 WL 5952834, at *7 (S.D.N.Y. Nov. 5, 2013) ("[B]ecause the Court finds that lesser sanctions than dismissal with prejudice are potentially viable . . . Plaintiff's claims will be dismissed *without* prejudice.").

<u>**Conclusion**</u>

For the reasons set forth above, it is hereby ORDERED that this matter is DISMISSED WITHOUT PREJUDICE, pursuant to Fed. R. Civ. P. 41(b). The Clerk of Court is respectfully directed to close the case.

Dated: New York, NY
June 29, 2026

SO ORDERED.

_____
**BARBARA MOSES**
**United States Magistrate Judge**

5